UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DWAYNE DAVIS,

    Petitioner,                                           Case No. 04-CV-72281-DT

v.

KENNETH McKEE,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY AND GRANTING PETITIONER'S MOTIONS FOR AN EXTENSION OF TIME TO RESPOND TO RESPONDENT'S ANSWER AND TO AMEND HIS PETITION FOR WRIT OF HABEAS PETITION**

Petitioner Dwayne Davis, presently incarcerated at the Riverside Correctional Facility in Ionia, Michigan, filed a petition for writ of habeas corpus with the court on June 21, 2004, seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se,* Petitioner challenges his conviction for conspiracy to deliver 650 or more grams of cocaine.[1]

Petitioner has now filed motions for discovery, for an extension of time to respond to respondent's answer, and to file an amended habeas petition. For the reasons stated below, the motion for discovery is denied and the motions for an extension of time to respond to respondent's answer and to file an amended habeas petition will be granted.

---

[1] Mich. Comp. Laws § 750.157a; Mich. Stat. Ann. 28.354(1);Mich. Comp. Laws § 333.7401(2)(a)(i); Mich. Stat. Ann. 14.15 (7401)(2)(a)(i).

In his motion for discovery, Petitioner requests copies of the trial transcripts so that he can prepare a reply to respondent's answer.  Petitioner claims that his copies of the transcripts were intentionally destroyed by prison guards on December 22, 2003, when he was incarcerated at the Bellamy Creek Correctional Facility.  (Pet'r's Mot. for Disc. at ¶ 7.)  Petitioner contends that he needs these transcripts in order to direct the court to portions of the trial testimony and jury instructions in support of his sufficiency of evidence and instructional error claims.  (*Id.* at ¶ 8.)

Habeas petitioners have no right to automatic discovery. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).  A district court has the discretion, under Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, to grant discovery to a petitioner in a habeas case upon a fact specific showing of good cause.  *Id.*  If a petitioner can point to specific evidence that might be discovered that would support his constitutional claims, he is able to establish good cause to obtain discovery.  *Burns v. Lafler,* 328 F. Supp. 2d 711, 718 (E.D. Mich. 2004).  However, without a showing of good cause and without a habeas petitioner citing to specific information of what he hopes to learn from the additional discovery, a federal court will not order discovery.  *Id.*  A habeas petitioner's vague and conclusory allegations are insufficient to obtain additional discovery.  *Burns v. Lafler,* 328 F. Supp. 2d at 718.

Additionally, a district court does not abuse its discretion in denying a habeas petitioner's request for discovery, where the request falls more in the category of a "fishing expedition masquerading as discovery." *Stanford v. Parker,* 266 F.3d at 460.

In the present case, Petitioner has attached to his petition the appeals brief that was filed on his behalf in the Michigan Court of Appeals by appellate counsel. The appellate brief makes numerous citations to the transcripts in this case and petitioner does not allege that his appellate counsel did not have access to the trial transcripts when preparing his appeal. Due to the brevity of the petition for writ of habeas corpus, the court is willing to incorporate the arguments raised in Petitioner's state appellate court brief as part of Petitioner's application for writ of habeas corpus. *See Burns v. Lafler,* 328 F. Supp. 2d at 717, n. 2. Because Petitioner's appellate counsel had access to the trial transcripts in Petitioner's appeal of right, Petitioner is not entitled to the production of the trial transcripts to assist him with his habeas petition. *See Smith v. United States,* 421 F.2d 1300, 1301 (6th Cir. 1970). Petitioner is also not entitled to have copies of the transcripts provided to him because Petitioner is essentially requesting to "embark on a fishing expedition masked as discovery." *Burns,* 328 F. Supp. 2d at 718. Accordingly, the motion for discovery is denied.

In his motion to amend the petition for writ of habeas corpus, Petitioner indicates that he does not wish to add any new claims to his petition, but seeks only to buttress the legal arguments for his claims with federal, as opposed to state, law.

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998). A motion to amend a habeas petition may be denied when it has been unduly delayed and when

3

allowing the motion would prejudice the nonmovant. *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997) (internal citations ommitted). However, delay by itself is not sufficient to deny a motion to amend. *Coe*, 161 F.3d at 342.

Petitioner's proposed amended habeas petition alleges additional support for the claims that he raised in his original petition, was not the subject of undue delay, and would not unduly prejudice respondent. Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F.3d 86, 92 (3rd Cir. 1995). Additionally, the motion to amend will be granted because Petitioner has filed this motion before the court has adjudicated the issues in the petition. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

The court will further grant Petitioner an extension of time to file this amended habeas petition. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." Accordingly, the court will grant Petitioner forty-two days from the date of this order to file his amended habeas petition. If Petitioner chooses not to file an amended habeas petition, he shall have twenty-eight days from the date of this order to file a reply brief to the answer filed by Respondent in this case.

Based upon the foregoing, IT IS ORDERED that Petitioner's "Motion For Discovery" [Dkt. # 20] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion Requesting Extension of Time to Respond [To] Respondent's Answer to Petition for Habeas Corpus" [Dkt. # 8] and "Motion to Amend Petition for Writ of Habeas Corpus" [Dkt. # 21] are GRANTED. Petitioner

4

shall be given forty-two days from the date of this order **(i.e., until September 1, 2005)** to file an amended habeas petition. If such petition is filed, Respondent shall have **twenty-one days** from its filing to respond, and Petitioner shall have **twenty-one days** from the filing of the response to reply.

In the event that Petitioner does not file an amended petition as permitted above, he shall have **twenty-eight days** from the date of this order **(i.e., until August 18, 2005)** to file a reply to the answer filed by Respondent in this case.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 22, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 22, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\DEM\2254s\04-72281.DAVIS.OrderDenyingMotionForDiscovery.wpd