**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DWAYNE DAVIS,

       Petitioner,                               Case No. 04-CV-72281-DT

v.

KENNETH McKEE,

       Respondent,

                                        /

**ORDER DENYING PETITIONER'S MOTION FOR PRODUCTION AND SERVICE OF
RULE 5 MATERIALS AND GRANTING PETITIONER'S MOTION FOR AN
EXTENSION OF TIME TO RESPOND TO RESPONDENT'S ANSWER**

Petitioner Dwayne Davis, presently incarcerated at the Lakeland Correctional

Facility in Coldwater, Michigan, filed a petition for writ of habeas corpus with the court

on June 21, 2004, seeking the issuance of a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  In his petition, filed *pro se,* Petitioner challenges his convictions for

conspiracy to deliver 650 or more grams of cocaine,[1] two counts of delivery of 225 or

more but less than 650 grams of cocaine,[2] and two counts of delivery of 50 or more but

less than 225 grams of cocaine.[3]

On July 22, 2005, the court denied Petitioner's motion for discovery, but granted

Petitioner's motion for an extension of time to respond to Respondent's answer and his

motion to file an amended habeas petition.

---

[1] Mich. Comp. Laws § 750.157a; Mich. Stat. Ann. 28.354(1);Mich. Comp. Laws § 333.7401(2)(a)(i); Mich. Stat. Ann. 14.15 (7401)(2)(a)(i).

[2] Mich. Comp. Laws § 333.7401(2)(a)(ii); Mich. Stat. Ann. 14.15 (7401)(2)(a)(ii).

[3] Mich. Comp. Laws § 333.7401(2)(a)(iii); Mich. Stat. Ann. 14.15 (7401)(2)(a)(iii).

Petitioner has now filed a motion for production and service of the Rule 5 materials. Petitioner has also filed a motion for an extension of time to file an amended habeas petition or reply brief. For the reasons stated below, the motion for production and service of Rule 5 materials will be denied. The court will grant Petitioner a one hundred and twenty day extension of time to file an amended habeas petition or reply brief with the court.

28 U.S.C. § 2250 states:

If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.

In the instant case, Petitioner's request for the production of the Rule 5 materials is similar to the request he made in his motion for discovery, which the court denied. In his current motion, Petitioner has not specified why the Rule 5 materials are needed for him to prepare either an amended habeas petition or a response to the answer to the petition for writ of habeas corpus. A "blanket and noncommittal request" for documents by a habeas petitioner is insufficient to enable a federal court to make a determination of necessity pursuant to § 2250. *See Cassidy v. United States,* 304 F. Supp. 864, 867 (E.D Mo. 1969). In light of the conclusory nature of Petitioner's motion for the production of the Rule 5 materials, the motion for production of these documents is denied. *Id.*

Further, the court noted, when it denied Petitioner's motion for discovery, that Petitioner had attached to his petition the appeal brief that was filed on his behalf in the Michigan Court of Appeals by appellate counsel.  This brief contains a statement of facts which is sixteen pages long, and nine pages of argument which raises the two claims that Petitioner is seeking habeas relief on.  The appellate brief makes numerous citations to the transcripts in this case and Petitioner does not allege that his appellate counsel did not have access to the trial transcripts when preparing his appeal.  The court indicated in its order denying discovery that it was willing to incorporate the arguments raised in Petitioner's state appellate court brief as part of Petitioner's application for writ of habeas corpus.  Because Petitioner's appellate counsel had access to the trial transcripts in Petitioner's appeal of right, the court concludes, as it previously did when denying the motion for discovery, that Petitioner is not entitled to the production of the trial transcripts to assist him with his habeas petition.  *See Smith v. United States,* 421 F.2d 1300, 1301 (6th Cir. 1970).

Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."  In light of Rule 5(e), the court will grant Petitioner's motion for an extension of time to file a response to Respondent's answer or to file an amended habeas petition.  Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion For Production and Service of Rule 5 Materials [Dkt. # 23] is DENIED.

3

IT IS FURTHER ORDERED that Petitioner's Motion Requesting An Extension of

Time [Dkt. # 24] is GRANTED.  Petitioner shall be given one hundred and twenty days from

the court's order to file an amended habeas petition or reply to the answer filed by

respondent in this case.


          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE


Dated:  October 17, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on
this date, October 17, 2005, by electronic and/or ordinary mail.


          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522

S:\Cleland\DEM\04-72291.DAVIS.DenyingMotionForProductionGrantingMotionForExtension.wpd