**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

DWAYNE DAVIS,

        Petitioner,

v.                              Case No. 04-CV-72281-DT

KENNETH McKEE,

        Respondent,

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS**
**FOR AN EXTENSION OF TIME AND A CERTIFICATE OF APPEALABILITY,**
**AND GRANTING PETITIONER'S MOTION FOR WAIVER OF FEES AND COSTS**

On September 26, 2006, the court issued an opinion and order denying

Petitioner Dwayne Davis's application for writ of habeas corpus brought pursuant to 28

U.S.C. § 2254. Petitioner has now filed motions for an extension of time to file a reply

brief to Respondent Kenneth McKee's answer, for a certificate of appealability, and for

waiver of fees and costs. For the reasons stated below, the motions to for an extension

of time and a certificate of appealability will be denied, and the motion for waiver of fees

and costs will be granted.

**I. BACKGROUND**

Davis originally filed his petition on June 21, 2006, and a response was filed on

December 17, 2004. Davis then requested leave to amend his petition to add federal

case law supporting his petition. The court granted Davis's request for leave to amend,

giving Davis the opportunity to file either an amended petition or a reply. Accordingly,

Davis filed his amended petition on November 28, 2005.  Because Davis's amended

petition did not contain any new substantive claims, the December 14, 2005 answer

similarly did not raise any new arguments.  The court denied Davis's amended petition

on September 26, 2006.  Davis subsequently filed a timely notice of appeal, and is now

requesting a certificate of appealability, an extension of time to file a reply, and to

proceed without prepayment of fees.

## II.  DISCUSSION

### A.  Extension of Time

Petitioner first requests an extension of time to file a reply to Respondent's

answer.  Rule 5(e) of the Rules Governing Section 2254 Cases states that a habeas

petitioner "may submit a reply to the respondent's answer or other pleading within a time

fixed by the judge."  A court, however, need not wait for a reply before ruling on the

petition.  *See Esper v. Engle*, No. 80-3616, 698 F.2d 1218 (Table) (6th Cir. Jan. 29,

1982) ("Under the Rules Governing Section 2254 cases, the District Court has

discretion to deny a petition at any time it appears that a petition does not state a

claim.").

Petitioner is not entitled to an extension of time to file a reply brief for several

reasons.  First, because the court has already issued a judgment in this case, there are

no surviving claims, and it would be futile to permit Petitioner to file a reply.  *See*

*Thristino v. U.S.,* 379 F. Supp. 2d 510, 520 (S.D.N.Y. 2005) ("Finally, the Court denies

[petitioner's] motion to traverse as it would be futile in the absence of any surviving

claims.").  Second, Petitioner's motion is denied because he has failed to provide a

reason for the necessity of such a reply at this late date.  Although Petitioner claims he

is allowed access to the prison law library only six hours per week, Petitioner has had

over nine months to file a reply between Respondent's answer and the court's order

denying the petition, giving him plenty of time to file a reply despite his limited law library

access.  Petitioner's remaining reason for needing an extension of time reiterates

Petitioner's request for discovery that the court has previously denied.

Finally, because the respondent's answer and the Rule 5 materials provided a

conclusive legal response to the petition for writ of habeas corpus, no purpose would be

served by granting Petitioner additional time to file a reply brief.  *See U.S. ex rel. Linton*

*v. Battaglia,* 416 F. Supp. 2d 619, 623 (N.D. Ill. 2006) ("Because the exhibits submitted

with the Answer provide a conclusive legal response to [the] Petition, no purpose would

be served by calling for a reply (as Section 2254 Rule 5(e) might otherwise permit).").

Furthermore, because the amended answer did not raise any new arguments, Petitioner

cannot claim that he is prejudiced by the court's denial.  For these reasons, the court

will deny Davis's motion for an extension of time to file his reply.

## B.  Certificate of Appealability

### 1.  Standard of Review

In order to obtain a certificate of appealability, a prisoner must make a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate

this denial, the applicant is required to show that reasonable jurists could debate

whether, or agree that, the petition should have been resolved in a different manner, or

that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas

petitioner's constitutional claims on the merits, the petitioner must demonstrate that

3

reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue only if the petitioner shows that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present, and the district court is correct in invoking it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition, or that the petition should be allowed to proceed further. *Id.* In such a circumstance, no appeal would be warranted. *Id.*

## 2. Sufficiency of the Evidence

In his habeas petition, Petitioner first contended that there was insufficient evidence to permit the separate drug sales to be aggregated in order to establish that Petitioner conspired to deliver over 650 grams of cocaine. The court concluded, for reasons stated in greater detail in its original order, that the Michigan Court of Appeals' determination that a rational trier of fact could have found the elements of the crime of conspiracy to deliver over 650 grams of cocaine to be reasonable. In light of the evidence that was presented in this case, reasonable jurists would not debate the court's ruling that there was sufficient evidence to find Petitioner guilty of conspiracy to deliver over 650 grams of cocaine, and Petitioner is therefore not entitled to a certificate of appealability on this claim.

### 3.  Jury Instruction

Petitioner next contended that the trial court failed to clearly instruct the jury on whether the various cocaine sales could be aggregated to total over 650 grams of cocaine.  The court found that Petitioner's claim was procedurally defaulted because he failed to object to the instructions given at trial or to request the instruction that Petitioner alleged should have been given.  The court further found that Petitioner had both failed to establish cause for his procedural default, and failed to offer new, reliable evidence that he was factually innocent of this crime, which would allow this court to consider this claim in spite of the procedural default.

"Where the underlying claims are defaulted, . . .  the question for purposes of an application for a certificate of appealability is whether or not the petitioner has made a substantial showing of 'cause and prejudice' to overcome the default."  *Farmer v. Iowa,* 153 F. Supp. 2d 1034, 1043 (N.D. Iowa 2001) (citations omitted).  As indicated in greater detail in the court's opinion and order, Petitioner failed to make a substantial showing of cause and prejudice to overcome the procedural default.  "Consitutional issues on which the petitioner has procedurally defaulted are not valid claims, so they provide no basis for a certificate of appealability."  *Davis v. Welborn,* 149 F. Supp. 2d 975, 978 (N.D. Ill. 2001) (citations omitted).  Because Petitioner's second claim was procedurally defaulted, and Petitioner failed to establish cause and prejudice to excuse the default, the court declines to grant a certificate of appealability on this claim.

### C.  Application for Leave to Appeal *in forma pauperis.*

Petitioner has also requested leave to appeal *in forma pauperis.*  Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* "if the trial court

5

certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Here, Petitioner asserts that he is indigent and that his appeal is taken in good faith. Petitioner also submits the requisite affidavits to support his request for an *in forma pauperis* proceeding. Thus, the court is satisfied that Petitioner's *in forma pauperis* proceeding request is warranted, and his appeal is taken in good faith. Although this Court has determined that reasonable jurists would not find its resolution of Petitioner's claims to be debatable or wrong, this does not render Petitioner's claims frivolous. *See United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997) (explaining that the standard for issuing a certificate of appealability is a higher threshold than the standard for granting *in forma pauperis* status). Therefore, the court will grant Petitioner's request to proceed without prepayment of fees or costs.

### III.  CONCLUSION

IT IS ORDERED that Petitioner's "Motion Requesting an Extension of Time" [Dkt. # 37] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion For Certificate of Appealability"  [Dkt. # 36] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Waiver of Fees and Costs" [Dkt. # 38] is GRANTED.


                              S/Robert H. Cleland
                              ROBERT H. CLELAND
                              UNITED STATES DISTRICT JUDGE

Dated:  November 16, 2006

6

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 16, 2006, by electronic and/or ordinary mail.


 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\04-72281.DAVIS.OrderDenyCOA.wpd